UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEONEL ERNESTO VILLASENOR,
Petitioner,

v.                                                      Civil Action No. 2:19-cv-525

MARK BOLSTER, WARDEN,
Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Leonel Ernesto Villasenor's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 10. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to the United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2004, Petitioner was found guilty and sentenced in the United States District Court for the District of Arizona for one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. ECF No. 10 at 2. Because Petitioner had prior state convictions, the government filed and served an information for enhanced sentencing under 21 U.S.C. § 851. *Id.* at 3. Petitioner was previously convicted under Arizona state law for attempt to possess a narcotic drug for sale, cocaine, in violation of A.R.S. § 13-702, §13-1101, and §13-3408, and for the unlawful possession

of marijuana for sale weighing more than four pounds in violation of A.R.S § 13-1003 and § 13-3405(A)(2)(B)(6) and (C). *Id.* Based on the prior convictions, Petitioner was classified as a career offender under U.S.S.G. § 4B1.1 and was sentenced to 360 months of imprisonment. *Id.* at 3–4. Petitioner immediately appealed. *Id.* at 4. The Ninth Circuit affirmed the conviction but remanded the sentence to be reviewed in compliance with *United States v. Booker*, 543 U.S. 220 (2005). *Id.* Using advisory guidelines and 18 U.S.C. § 3553(a) factors, the district court determined the 360-month sentence was appropriate. *Id.* Petitioner appealed the Resentencing Order, but the Ninth Circuit determined that the District Court adequately considered the § 3553(a) factors and affirmed the Order. *Id.*

In March 2008, Petitioner filed his first § 2255 motion claiming ineffective assistance of counsel. *Id.* at 4–5. Petitioner argued he did not have knowledge of the § 851 information and the effect of his status as a career offender on sentencing. *Id.* at 5. The district court denied the motion, holding that Petitioner was aware of his status and its effects on sentencing. *Id.* On appeal, the Ninth Circuit affirmed. *Id.* Petitioner filed his second § 2255 motion in May 2015, alleging the government violated his due process rights by punishing him for not accepting a plea bargain and by utilizing § 851 enhancements. *Id.* The district court denied the motion because Petitioner had not received authorization from the Ninth Circuit to bring a successive § 2255 motion. *Id.* On appeal, the Ninth Circuit refused to issue a certificate of appealability. *Id.* In July 2016, Petitioner filed a third § 2255 motion claiming his sentence was incorrectly enhanced by implicating multiple prior convictions that Petitioner believed the state court had consolidated. *Id.* The district court did not have subject matter jurisdiction to hear the claim because it was a successive § 2255 motion without authorization from the Ninth Circuit. *Id.* Additionally, in July 2016, Petitioner filed his first § 2241 petition in the Central District of California, where he was detained at the time, arguing

that because the § 851 information had been improperly docketed, the district court erred in enhancing the sentence using the career offender enhancement. *Id.* at 5–6. The district court dismissed his petition because the argument had been raised on direct appeal and was rejected by the Ninth Circuit. *Id.* at 6. Petitioner filed his fourth § 2255 motion in December 2016. *Id.* Petitioner argued his sentence enhancement was invalidated under *Sanchez-Fernandez*, 669 Fed.Appx 415 (2016). *Id.* Finding no valid claim of denial of constitutional rights, the district court dismissed the motion and denied the request for a certificate of appealability. *Id.* On appeal, the Ninth Circuit affirmed the decision. *Id.*

On October 1, 2019, Petitioner filed the instant § 2241 Petition in this Court. ECF No. 1. The Petition relies on four grounds of relief[1]:

> Ground One: At the time of Petitioner's sentence, settled law established the legality of the movant's sentence. ECF No. 1 at 3.
> Ground Two: After Petitioner's direct appeal and first § 2255 motion, the substantive law had changed such that the convicted conduct is no longer criminal. ECF No. 1 at 4.
> Ground Three: Petitioner cannot establish a change in constitutional law and is therefore unable to meet the gatekeeping requirement for a successive habeas petition under § 2255(h). ECF No. 1 at 5.
> Ground Four: In light of *Sanchez-Fernandez*, Petitioner's sentence presents an error sufficiently grave to be deemed a fundamental defect. ECF No. 1 at 6.

## II. ANALYSIS

Section 2241 authorizes the federal court to issue a writ of habeas corpus on behalf of state and federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No.

---

[1] Petitioner's grounds for relief restate the four-factor test established in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

3

8:11cv00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where they are in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

A petitioner may also seek relief under § 2241 where relief under § 2255 is "inadequate or ineffective to test the legality of . . . detention." *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). The Fourth Circuit Court of Appeals in *United States v. Wheeler* set out a four-part test that determines if a petitioner may challenge the legality of sentencing errors under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018). *Mathis v. United States* provides the basis for the second *Wheeler* factor regarding the underlying "change in the settled substantive law" at the center of Petitioner's claim for relief. 136 S. Ct. 2243 (2016). In *Mathis*, the Court interpreted nearly twenty-five years of precedent to hold that state crimes cannot qualify as sentence enhancers if the elements of the state crime are broader than the listed elements of a generic federal offense. *Mathis*, 136 S. Ct. at 2257.

Relying on *Mathis*, the Ninth Circuit held that an enhanced sentence for a prior conviction under Arizona Revised Statute (A.R.S.) § 13-3408 was in plain error because A.R.S. § 13-3408

was broader than the generic "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i). *Sanchez-Fernandez*, 669 Fed.Appx 415 (9th Cir. 2016) (reversing the defendant's sentence and remanding for resentencing without the enhancement). Petitioner seeks resentencing based on the decision in *Sanchez-Fernandez*. ECF No. 1 at 45. Despite the alleged change in the law stemming from *Sanchez-Fernandez*, Respondent contends that Petitioner fails to satisfy the *Wheeler* test. ECF No. 10 at 9–10. This Court agrees.

Petitioner satisfies both the first and third factors of the *Wheeler* test. At the time of sentencing, a prior conviction under A.R.S § 13-3408 was analyzed under the modified categorical approach to trigger sentence enhancements for drug trafficking offenses. *United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1247 (9th Cir. 2003). Additionally, Petitioner cannot identify a substantive change in constitutional law that can be made retroactive on collateral review, and thus cannot satisfy the gatekeeping provision of § 2255(h)(2) for a successive motion. ECF No. 10 at 17. While Petitioner's claim satisfies both the first and third factors of the *Wheeler* test, the failure to satisfy the second and fourth factors bars Petitioner from seeking relief under § 2241.

Under factor two, the Court must determine if there has been a substantive change in law, subsequent to Petitioner's first § 2255 motion or direct appeal, that can be applied retroactively on collateral review. *Wheeler*, 886 F.3d at 429. Petitioner cites to *Sanchez-Fernandez*, an unpublished opinion, as a substantive change in law and the basis for this Petition. ECF No. 1 at 4–5. Petitioner first relied on *Sanchez-Fernandez* in his fourth § 2255 motion in December 2016. ECF No. 10 at 6. *Sanchez-Fernandez* relies on *Mathis v. United States*; however, *Mathis* did not result in a substantive change in law—rather the Supreme Court merely interpreted twenty-five years of precedent. *Mathis*, 136 S. Ct. at 2257. The precedent the court relied on in *Mathis* existed

5

at the time of Petitioner's sentencing, and therefore, Petitioner should have challenged his claim on direct appeal. *Teague v. Lane*, 489 U.S. 288, 301 (1989). Because direct appeal is the proper avenue for challenging this claim, Petitioner is barred from raising the claim in a § 2241 petition.

Petitioner cites *United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) to assert that the Fourth Circuit has discretion to determine whether a substantive change in law applies retroactively on review. While true, the Fourth Circuit has consistently held that *Mathis* does not apply retroactively on collateral review. *See, e.g., Cox v. Wilson*, 740 F.App'x 31, 32 (4th Cir. 2018); *Hird v. Andrews*, 728 F.App'x 217 n.1 (4th Cir. 2018); *Brooks v. Bragg*, 735 F.App'x 108, 109 (4th Cir. 2018). Further, in *Waddy v. Warden, FCI Petersburg*, the Fourth Circuit dismissed a petitioner's claim for failure to satisfy the *Wheeler* test when arguing that a prior state drug offense was no longer a "controlled substance offense" because *Mathis* does not apply retroactively on review. No. 3:17CV802, 2019 WL 3755496, at *4 (E.D. Va. Aug. 8, 2019).

Under factor four, the Court must determine whether Petitioner's instant challenge to the validity of his sentence constitutes a "fundamental defect." Petitioner argues the 110–130-month sentence enhanced to 360 months "presents an error 'sufficiently grave' to be deemed a 'fundamental defect.'" ECF No. 1 at 6. Courts have not used the term "'fundamental' lightly." *See United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (citing *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). An error is not fundamental unless (1) the sentencing calculation was made under mandatory, rather than advisory, guidelines, and (2) the sentence improperly raised the statutory maximum or minimum sentence. *See Wheeler*, 886 F.3d at 430; *Davis v. Rickard*, 2019 WL 4793389, at *6 (S.D. W. Va. June 24, 2019).

Petitioner's 360-month mandatory sentence was remanded for reconsideration under *United States v. Booker*, 543 U.S. 220 (2005) (holding the use of mandatory sentencing guidelines

6

without the consideration of other factors or sentencing goals is unconstitutional). ECF No. 10 at 17. Notably, the district court in this case affirmed the original sentence using *advisory* sentencing guidelines. *Id.* The Fourth Circuit has repeatedly held that career offender designations imposed under advisory guidelines do not result in a fundamental defect. *Foote*, 784 F.3d at 942-43; *Wheeler*, 886 F.3d at 432 n.9. Additionally, Petitioner's sentence did not improperly implicate the statutory minimum or maximum sentence. The advisory sentencing range for a person who commits a violation of 21 U.S.C. § 841(b)(1)(B)(vii) after a prior felony drug offense is ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(B)(viii). Petitioner's prior conviction under A.R.S. § 13-3405 is a "felony drug offense" for the purpose of 21 U.S.C. § 841(b)(1)(B)(vii), thus a sentence of 360 months is permissible within the ten years to life range. Because Petitioner was resentenced under advisory guidelines and the sentence did not affect the statutory minimum or maximum, Petitioner's sentence did not result in a "fundamental defect," and Petitioner therefore has failed to satisfy the fourth factor of the *Wheeler* test.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this Report and Recommendation to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of these Rules. A party may respond to another

party's specific objections within fourteen days after being served with a copy thereof. *See* FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the preceding findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 27, 2020